UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES DARNELL SHACK,<br><br>                              Plaintiff,<br><br>v.<br><br>WILLIAM KNIPP, Warden of Mule Creek State Prison,<br><br>                              Defendant. | Civil No.   12-CV-794-MMA (BGS)<br><br>**(1)  ORDER DENYING PETITIONER COMPETENCY HEARING**<br><br>**(2)  ORDER DENYING PETITIONER'S MOTION FOR APPOINTMENT OF COUNSEL; AND**<br><br>**(3)  ORDER GRANTING RESPONDENT'S MOTION TO FILE DOCUMENTS UNDER SEAL**<br><br>**[Doc. Nos. 8, 10]** |

## I. INTRODUCTION

On March 26, 2012, Petitioner, a state prisoner proceeding pro se, submitted a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, together with a request to proceed in forma pauperis. (Doc. No. 1, Petition ("Pet.") & Doc. No. 2.[1]) Petitioner challenges his conviction of murder in the first degree involving the intentional and personal discharge of a firearm that caused great bodily injury under California Penal Code sections 187 and 12022.53(b)-(d). (Pet. at 2.) On April 4, 2012, the Court granted Petitioner in forma pauperis status. (Doc. No. 3.)

---

[1] For consistency and ease, the Court will reference Petitioner's and Respondent's filed documents by their court-generated page numbers.

1  ///

2      The following matters are pending before the Court: (1) a question of Petitioner's
3  competence, (2) Petitioner's motion for appointment of counsel, and (3) Respondent's motion to file
4  documents under seal.

5      For the reasons set forth below, this Court **DENIES** Petitioner a competency hearing,
6  **DENIES** Petitioner's motion for appointment of counsel, and **GRANTS** Respondent's motion to
7  file documents under seal.

8                 **II. PROCEDURAL HISTORY**

9      Based on the information provided in the Petition, this Court questioned Petitioner's
10 competence in representing himself in this matter.  (Doc. No. 5 at 2.)  For instance, on page five of
11 his Petition, fellow inmate Buck Aaron states that Petitioner is "unable to assist himself alone, and
12 due to his mental state he can not comprehend on a level that is even close to being adequate to
13 argue his legal claims. . . ."  (Pet. at 5.)  It is also alleged that Petitioner is currently "on psychiatric
14 care/medications. . . ."  (*Id.*)  Further, according to the Petition, Petitioner was found incompetent
15 to stand trial three separate times between 2004 and when he was finally found competent in 2007
16 and tried in 2008.  (*Id.* at 19-20.)  Attached to the Petition is a declaration by Mr. Aaron, submitted
17 under penalty of perjury, that states (1) Petitioner cannot "communicate rationally enough most of
18 the time, to comprehend the need for filing in this action or determine when they are due . . .[,]" (2)
19 Petitioner is "on medications and under psychiatric care at this time and has been since his arrival
20 in the California prison system[,]" and (3) Petitioner "is only able to communicate rationally some
21 of the time by speaking slowly to [Petitioner] and waiting for his slow answers. . . ."  (*Id.* at 36.)

22     Accordingly, on April 16, 2012, the Court ordered Petitioner to submit additional evidence
23 of current incompetence, including declarations, exhibits and argument to establish that he currently
24 suffers from a mental illness, and that the mental illness prevents him from being able to understand
25 and respond to Court orders.  (Doc. No. 5 at 3.)  On May 14, 2012, Petitioner filed his additional
26 evidence: (1) a declaration by a fellow inmate, Mr. Aaron, (2) a declaration by his trial attorney,
27 David Semco, and (3) a portion of his mental health records.  (Doc. No. 7.)

28     The declaration by Mr. Aaron is the same declaration Mr. Aaron previously submitted with

1 | the Petition. Again, it states that Petitioner cannot "communicate rationally enough most of the
2 | time, to comprehend the need for filing in this action or determine when they are due . . .[,]" that
3 | Petitioner is "on medications and under psychiatric care at this time and has been since his arrival
4 | in the California prison system[,]" and that Petitioner "is only able to communicate rationally some
5 | of the time by speaking slowly to [Petitioner] and waiting for his slow answers. . . ." (Pet. at 36 &
6 | Doc. No. 7 at 2.)

7 | The declaration by Petitioner's trial attorney, Mr. Semco, is neither signed nor dated. (Doc.
8 | No. 7 at 5.) Based on the fax information, the declaration was made on or about July 21, 2008. (*Id.*)
9 | The declaration states that Mr. Semco was appointed to represent Petitioner on December 16, 2006,
10 | and that Mr. Semco found it difficult to work with Petitioner. (*Id.*) Further, the declaration states
11 | "Mr. Shack was totally irrational and delusional with respect to the court system and how it related
12 | to him ... and consistently expressed delusional beliefs regarding his legal circumstance." (*Id.*) Last,
13 | Mr. Semco also declared that in March of 2007, Petitioner was granted a mental competency hearing
14 | under California Penal Code section 1368, and was ordered to be treated with antipsychotic
15 | medication pursuant to California Penal Code section 1370. (*Id.*)

16 | The provided mental health records include portions of suicide risk assessment checklists
17 | from December 2008, and mental health treatment program updates and interdisciplinary progress
18 | notes from 2010, 2011 and January 2012.[2] The mental health records indicate Petitioner is
19 | diagnosed with schizoaffective disorder, depressed type, and prescribed medication. (Doc. No. 7
20 | at 8.) Further, the mental health records state Petitioner has limited vocabulary and poor
21 | comprehension of the written word, but can understand communications when spoken slowly in
22 | simple English or by rephrasing sentences. (*Id*. at 14, 34.) On July 22, 2010, a mental health
23 | treatment program update noted Petitioner inconsistently took his medication and failed to attend
24 | group therapy sessions at the treatment center most likely due to his paranoid delusions and fears
25 | about being killed. (*Id*. at 14.) More recently, however, an interdisciplinary progress note dated

---

[2] Two documents are dated April 12, 2012. (Doc. 7 at 28-29.) However, these documents provide little commentary and information regarding Petitioner and also appear incomplete. For instance, the document on page 28 states it is "Page 3 of 6," but its companion documents are missing. (*Id.* at 28.)

August 30, 2011 indicated Petitioner is "doing okay," has an appetite, is sleeping better, and his "psychotic symptoms are under control with his psychotropic medications." (*Id*. at 37-38, 40.) Last, two interdisciplinary progress notes dated October 11, 2011 and October 27, 2011, state Petitioner vocalized his innocence regarding his conviction. (*Id*. at 39-40.)

The Court also requested Respondent to file a response to Peitioner's additional evidence, including Respondent's independent investigation into Petitioner's current competence, as well as any legal argument and exhibits Respondent wishes the Court to consider. (*Id.* at 3.) Respondent filed his response on July 26, 2012, along with a motion to file documents under seal and lodged the proposed sealed documents. (Doc. Nos. 9-11.)

Respondent, in conducting an independent investigation into Petitioner's current competence, obtained from Mule Creek State Prison all medical and psychological records, and has submitted as Exhibit 1 Petitioner's Unit Health Record. (Doc. No. 9 at 2.) Respondent argues that Petitioner's medical records contain evidence that his thought process is within normal limits, his illness is stabilized at this time, and he is able to communicate effectively. (*Id.* at 3.) Although Petitioner has been diagnosed with schizoaffective disorder, depressed type, Respondent asserts that recent medical records support that Petitioner can understand and respond to court orders. (*Id.* at 2-3.) In Petitioner's January 3, 2012[3] interdisciplinary progress note, his psychologist noted that Petitioner's "speech flow is normal. Mood is euthymic–based partially on the 'hope' he feels that he may get out of prison. Judgment is fair. His thought content is appropriate to mood and circumstances. No signs of psychosis at this time." (Doc. No. 11 at 108.)

Respondent asserts that Petitioner has only submitted a sworn declaration from a fellow inmate, Mr. Aaron, acting as his "jail house lawyer," and has not submitted a declaration from a psychiatrist or psychologist stating that Petitioner's mental illness prevents him from being able to understand and respond to court orders. (Doc. No. 9 at 3.) Respondent argues that Mr. Aaron does not have the training (1) to make a determination as to whether Petitioner can understand and respond to court orders, (2) to ascertain if Petitioner is malingering, or (3) to determine whether

---

[3] When citing Petitioner's interdisciplinary progress notes, Respondent indicated the date was January 13, 2012. However, after careful review of the record, the Court finds the date is January 3, 2012.

there are other reasons behind Petitioner's alleged inability to understand and respond to court orders. (*Id.* at 3-4.) Moreover, Respondent submits that the declaration from Petitioner's trial counsel was from 2008 and discusses events in 2006 and 2007, thereby not showing Petitioner's current level of competence. (*Id.* at 4.)

Subsequently, on August 31, 2012, Petitioner filed a reply to Respondent's response. (Doc. No. 14.) Petitioner reiterated his position and suggested the Court look to criminal competency hearing standards in determining whether this civil competency hearing should be granted. (Doc. No. 14 at 2-3.)

Also pending before the Court is Petitioner's second motion for appointment of counsel filed on June 4, 2012. Previously, on April 13, 2012, Petitioner filed a motion for appointment of counsel requesting the Court appoint counsel because (1) Petitioner is not trained in the law and has limited access to the prison law library; (2) Petitioner presents a *prima facie* case his liberty interest under the United States Constitution was violated; and (3) Petitioner "suffers from various mental disorders, and is under different psychotropic medications. . . ." (Doc. No. 4 at 2.) The Court denied the motion without prejudice on April 18, 2012 finding such a determination to be premature until Petitioner's competency was ascertained. (Doc. No. 6 at 2.) After submitting additional evidence of incompetency, Petitioner filed the instant motion for appointment of counsel requesting the Court appoint counsel because Petitioner does not have the ability to comprehend or communicate rationally with this Court. (Doc. No. 8 at 1-2.)

### III. DISCUSSION

**A. Competency Hearing**

    1.    <u>Legal Standard</u>

In *Allen v. Calderon*, 408 F.3d 1150 (9th Cir. 2005), the Ninth Circuit held that where a petitioner submits "substantial evidence" of his incompetence, the district court should hold a competency hearing to determine whether a petitioner is "competent under an appropriate standard for habeas petitioners." *Allen*, 408 F.3d at 1153-54. The Ninth Circuit rationalized that a competency hearing is required to determine if a guardian ad litem should be appointed. *Id.* at 1153 ("Pursuant to Fed.R.Civ.P. 17(c), courts are required to 'appoint a guardian ad litem for an ...

incompetent person not otherwise represented in an action or shall make such other order as it deems proper for the protection of the ... incompetent person.'  This Rule equally applies to habeas petitioners." (quoting Fed.R.Civ.P. 17(c))). The Ninth Circuit further determined "counsel should be appointed for the limited purpose of representing the petitioner at the competency hearing as required by Rule 8 of the Rules Governing Section 2254 Cases, should the district court determine it advisable." *Id.*

The Ninth Circuit did not specify what constitutes "substantial evidence" of incompetence in support of a competency hearing, but it did provide some guidance. In *Allen*, the petitioner submitted his own sworn declaration and a declaration from a fellow inmate which stated that he was mentally impaired and did not understand the court's orders. *Id.* at 1151. Further, the petitioner submitted a letter from a prison psychiatrist which stated that he was in the Enhanced Outpatient Program ("EOP") at the prison, had been "diagnosed with Chronic Undifferentiated Schizophrenia and [was] taking two psychotropic medications." *Id.* at 1151-52. The petitioner also stated in a declaration in support of a motion for appointment of counsel that he suffered from a "'debilitating mental illness that requires a course of treatment that includes the use of various psychotropic medications'" and that the mental illness combined with the medications "'severely [hinder] his ability to comprehend or correctly respond to the determinations and Orders made by the Court.'" *Id.* at 1152. The Ninth Circuit found "[t]hose submissions established that 'he suffer[ed] from a mental illness, the mental illness prevent[ed] him from being able to understand and respond to the court's order, and he was still suffering from the illness during the relevant time period,'[4] and [thus determined] there was sufficient evidence for the district court to have appointed counsel for the petitioner to represent him at a competency hearing." *Thompson v. Virga*, 2012 WL 1154473, at *1 (S.D. Cal. Apr. 4, 2012) (quoting *Allen*, 408 F.3d at 1153-54).

Subsequently, the Ninth Circuit has signaled that showing a history of serious mental illness is not enough by itself to constitute substantial evidence of incompetence requiring a court to conduct a competency hearing on that issue. *See West v. Brown*, 197 Fed. Appx. 625, 628 (9th Cir. 2006); *Travalini v. People of California*, 2006 WL 842435, at *3 (E.D. Cal. Mar. 28, 2006).

---

[4] The relevant time period is during the ongoing habeas proceeding. *Allen*, 408 F.3d at 1152.

Moreover, various lower courts have determined meeting the threshold of substantial evidence of incompetence thereby requiring a court to conduct a competency hearing is extremely difficult. *See, e.g., Thompson*, 2012 WL 1154473, at *2-3 (holding the petitioner failed to submit substantial evidence of incompetence by (1) not providing medical records from the relevant time period (i.e. during ongoing habeas proceeding), (2) not submitting any declarations from inmates or medical personnel attesting to alleged incompetence, and (3) effectively litigating the case without counsel); *Lavery v. Singh*, 2011 WL 5975934, at *3 (S.D. Cal. Nov. 29, 2011) (finding the petitioner failed to submit substantial evidence of incompetence by not submitting any relevant and recent evidence of current incompetence, other than his own declaration, which was refuted by the current medical records provided by the respondent); *McElroy v. Cox*, 2009 WL 4895360, at *3 (E.D. Cal. Dec. 11, 2009) (concluding the petitioner failed to submit substantial evidence of incompetence because, despite providing recent medical records supporting diagnosis of a mental disability, the petitioner functions well when properly medicated and there is no nexus between his mental disorder and his ability to articulate his claims); *McDonald v. Waddington*, 2009 WL 302279, *3 (W.D. Wash. Feb 6, 2009) (holding the petitioner's failed to submit substantial evidence of incompetence because the petitioner functions well when properly medicated and there is no nexus between his mental disorder and his ability to articulate his claims).

    2.    Analysis

In the present case, the Court finds, that despite being diagnosed with schizoaffective disorder, depressed type, under *Allen* Petitioner has failed to provide substantial evidence of incompetence to support holding a competency hearing because Plaintiff's mental illness does not prevent him from being able to understand and respond to court orders, and he is not suffering from the mental illness during the relevant time period (i.e. this ongoing habeas proceeding).

For instance, Petitioner failed to submit his own sworn declaration that he is mentally impaired and does not understand the Court or the judicial process. Although like in *Allen*, Petitioner admits he does not have the ability to communicate rationally with this Court in his motion for appointment of counsel, unlike in *Allen*, Petitioner fails to provide a declaration regarding same. (Doc. No. 8 at 2.) This missing component weighs against a finding of substantial

evidence.

Petitioner's submission of Mr. Aaron's declaration is both redundant and lacking.  Mr. Aaron's declaration was previously submitted with the Petition, and the Court found that Mr. Aaron's declaration did not rise to the level of substantial evidence outlined in *Allen*. (Doc. No. 5 at 2.)  Moreover, as Respondent correctly notes, Mr. Aaron does not have the training to make a determination as to whether Petitioner can understand and respond to court orders, ascertain if Petitioner is malingering, or surmise whether there are other reasons behind Petitioner's alleged inability to understand and respond to court orders.  As in *Allen*, without more, Mr. Aaron's observations provide little substantial evidence.

Petitioner also failed to provide a letter or declaration from his treating prison psychiatrist outlining his diagnosis, medications and treatment program.  In *Allen*, the petitioner's letter from his prison psychiatrist stating that he was (1) in the EOP at the prison, (2) diagnosed with Chronic Undifferentiated Schizophrenia, and (3) taking two psychotropic medications, helped establish substantial evidence, and yet, in the instant case, this information is absent.

The declaration by Petitioner's trial attorney, Mr. Semco, is outdated.  For instance, based on the fax information, the declaration is over four years old.  The *Allen* decision mandates that this Court consider Petitioner's mental health at "the relevant time period," which is during this ongoing habeas proceeding. *Allen*, 408 F.3d at 1152.  As such, Mr. Semco's assessment of Petitioner in 2007 that "Mr. Shack was totally irrational and delusional with respect to the court system and how it related to him ... and consistently expressed delusional beliefs regarding his legal circumstance," provides little, if any, substantial evidence of Petitioner's competency today.

Statements in his Petition and in Mr. Semco's declaration that Petitioner received mental competency hearings pursuant to California Penal Code section 1368 provides little substantial evidence of current incompetency.  Because *Allen* states this Court consider Petitioner's mental health during this habeas proceeding, *Id.*, prior grants by a state trial court of mental competency hearings appear extraneous.

///

///

Most notably, the Court's review of Petitioner's mental health records reveals,[5] that despite being diagnosed with schizoaffective disorder, depressed type, Petitioner is mentally stable, aware of the pending proceedings and communicates effectively. That is, Petitioner's mental health records show that Petitioner can effectively respond to court orders, and provide no substantial evidence of incompetency.

          *a.     Evidence of Stability and Awareness*

In various interdisciplinary progress notes, the following evidence of Petitioner's mental stability and awareness of these pending proceedings was exhibited: (1) on April 24, 2012, Petitioner "is very attentive and contributes to his groups," and asked to receive copies of his medical records; (Doc. No. 11 at 91-92) (2) on April 12, 2012, Petitioner reported "that his current mental health symptoms are stabilized due to his attendance in his groups and his 1:1 [(i.e. one-on-one)] case management contacts[;]" (*Id.* at 93) (3) on April 9, 2012, Petitioner stated "he worries way too much about not being heard or understood about his case and how much he believes he is an innocent man in jail for a crime he did not do[;]" (*Id.* at 94) (4) on April 4, 2012, Petitioner's psychiatrist noted in an interdisciplinary progress note that in 2010 Petitioner hit his head against a wall, attempted to overdose, and tried to starve himself to death, but that presently Petitioner is stable, has been off his medication for one year, and has no deterioration; (*Id.* at 95-96) (5) on January 3, 2012, Petitioner's "speech flow is normal. Mood is euthymic–based partially on the 'hope' he feels that he may get out of prison. Judgment is fair. His thought content is appropriate to mood and circumstances. No signs of psychosis at this time[;]" (*Id.* at 108) and (6), four separate one page notes taken by Thomas Haspel, M.D. state Petitioner is stable. (*Id.* at 112, 116, 120, 124.) Accordingly, Petitioner's mental health records indicate he is mentally stable and cognizant of these pending proceedings.

---

[5] The *Allen* decision mandates that this Court must consider Petitioner's mental health at "the relevant time period," which is during this ongoing habeas proceeding. *Allen*, 408 F.3d at 1152. Although Petitioner submitted a portion of his mental health records, these records are neither current nor complete. For example, Petitioner submitted portions of suicide risk assessment checklist from December 2008, and mental health treatment program updates and interdisciplinary progress notes predominately from 2010 to 2011, but little from 2012. Nevertheless, Respondent provided a full copy of Petitioner's medical records, including documents dated as recently as April of this year. As such, the documents provided by Respondent are the most relevant documents the Court reviewed.

### b. *Evidence of Effective Communication*

Various reports state Petitioner can effectively communicate. For instance, on February 29, 2012 and December 14, 2011, during two separate consultations it was noted "effective communication [with Petitioner] was achieved by talking slowly to the patient in a face-to-face meeting." (*Id.* at 32, 71.) Further, a primary care progress note on February 3, 2012, stated Petitioner demonstrated effective communication by repeating information back in his own words. (*Id.* at 30.) In another prior primary care provider progress note dated November 3, 2011, the physician noted, "Patient asked and answered appropriate questions. He repeated information back in his own words and showed effective communication." (*Id.* at 36.) Moreover, within the last year, Petitioner has effectively filled out his portion of at least five health care service request forms. (*See Id.* at 33, 35, 38, 40, 76.) And finally, four separate one page notes taken by Thomas Haspel, M.D. state effective communication was established with Petitioner by speaking slowing and having Petitioner paraphrase what was said to demonstrate understanding. (*Id.* at 112, 116, 120, 124.) As such, Petitioner's mental health records indicate he can communicate effectively.

Overall, the mental health records indicate that despite being diagnosed with schizoaffective disorder, depressed type, Petitioner is mentally stable, aware of the pending proceedings and communicates effectively. In other words, the mental health records show that Petitioner can effectively respond to court orders, and provide no substantial evidence of incompetency.

In sum, the Court finds Petitioner has failed to provide substantial evidence of incompetency required to hold a competency hearing because Plaintiff's mental illness does not prevent him from being able to understand and respond to court orders, and he is not presently suffering from the mental illness. Accordingly, the Court **DENIES** Petitioner a competency hearing.

### B. Petitioner's Motion for Appointment of Counsel

The Sixth Amendment right to counsel does not extend to federal habeas corpus actions by state prisoners. *McClesky v. Zant*, 499 U.S. 467, 495 (1991); *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986); *Knaubert v. Goldsmith*, 791 F.2d 722, 728 (9th Cir. 1986). Financially eligible habeas petitioners seeking relief pursuant to 28 U.S.C. § 2254, however, may obtain representation whenever "the court determines that the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B);

*Terrovona v. Kincheloe*, 912 F.2d 1176, 1181 (9th Cir. 1990); *Bashor v. Risley*, 730 F.2d 1228, 1234 (9th Cir. 1984). Unless an evidentiary hearing is required, the decision to appoint counsel in a 28 U.S.C. § 2254 proceeding is within the discretion of the district court.[6] *Terrovona*, 912 F.2d at 1177; *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983) (per curiam).

Petitioner requests that counsel be appointed because he is unable to comprehend or communicate rationally with this Court as to the defense in this action. (Doc. No. 8 at 1-2.) But, as noted above, the Court finds Petitioner failed to provide substantial evidence of incompetency required to hold a competency hearing. Further, although assisted by Mr. Aaron, Petitioner has been able to understand and respond to Court orders. As such, Petitioner's request for the appointment of counsel on the basis of incompetency and inability to communicate rationally falls short in establishing that counsel should be provided at this time. Accordingly, the Court **DENIES** Petitioner's second motion for appointment of counsel.

**C. Respondent's Motion to File Documents Under Seal**

On July 26, 2012, Respondent filed a response to Petitioner's additional evidence of incompetence that included all of Petitioner's medical and psychological records from Mule Creek State Prison. (Doc. No. 9.) As such, Respondent concurrently filed a motion to seal these documents and lodged the proposed sealed documents. (Doc. Nos. 9-11.) Considering the proposed documents to be sealed are medical and psychiatric records, the Court agrees that these documents should be sealed, and **GRANTS** Respondent's motion to file under seal.

///
///
///
///
///
///
///

---

[6] If an evidentiary hearing is warranted, the judge must appoint an attorney to represent a petitioner who qualifies to have counsel appointed under 18 U.S.C. §3006A. *See* Rule 8, 28 U.S.C. foll. §2254.

## IV.  CONCLUSION

For the reasons set forth above, this Court **DENIES** Petitioner a competency hearing, **DENIES** Petitioner's motion for appointment of counsel, and **GRANTS** Respondent's motion to file documents under seal.

**IT IS SO ORDERED.**

DATED:  September 17, 2012

Hon. Bernard G. Skomal
U.S. Magistrate Judge
United States District Court